UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------x
                                             )     **Case No.:  08-CV-11915-NG**
BRIAN FALLON,                                )
   Appellant,                               )
               Vs.                 )     **Reply Brief of Appellant**
EDWARD O'NEIL,                               )     **Brian H. Fallon**
LUCY GILBERT,                                )
   Appellees                                )     On appeal from In re Fallon
                                             )     U.S. Bankruptcy Case no. 06-01264
---------------------------------------------x

Appellant, Brian Fallon ("Fallon"), submits this Reply Brief in further support of his appeal, and to comment on the Brief of Plaintiffs/Appellees Edward O'Neil and Lucy Gilbert ("O'Neils").

### I.    O'Neils' Brief is Based on Argument not Supported in the Record

Despite complaining that Fallon has no right to rely on facts not contained in the record on appeal, the O'Neils do exactly that and base their opposition in large part on items off the record.

The O'Neils' argument must be discounted for matters not contained in the record below, including (1) characterizations of what transpired in Chambers, off or outside the record (and the O'Neils' claim in their Brief that it was other than as stated in the record), *see page 5 of O'Neils' Brief*, (2) contentions that Fallon did not rebut the O'Neils' evidence, *see Argument IV, pages 14 – 16 of O'Neils Brief,* and (3) contentions concerning what transpired in the Superior Court proceeding below, *see Argument V, pages 16 – 17 of O'Neils' Brief*.

    A.    **O'Neils' Counsel's Off-the-Record Characterizations Concerning Chambers Discussions Must Be Ignored**

The only record containing the basis of Judge Hillman's decision is contained in the Record, which has been quoted by both parties, as follows:

1

> After the recess I had a conference with counsel in my chambers, and I asked Mr. Dial what he was going to offer in opposition to the testimony which we've already received this morning from the plaintiff, Mr. O'Neill. The conclusion was that as to the fact of the altered licenses having been submitted to the town in order to get the building permit there would be no real opposition. Based upon that I was prepared to find, and I am prepared to find, based on the decision in *Gem Ravioli* . . . that the plaintiff has established a dischargeability finding under 523(a)(2)(A).

*Transcript, p. 40 – 41.*

It is clear that Judge Hillman's decision was made solely because it was undisputed that the altered licenses were submitted to the town to get the building permit; there are no other "facts" concerning Ed O'Neil's testimony which came into play. The O'Neils, through their counsel, Evans Huber, at page 5 of their Brief attempt to improperly buttress their case by adding to this Record. They do so by adding their counsel's recollection of what transpired off the record, contending that the Chambers discussion was some type of "global" admission that Fallon (through his attorney Ed Dial) agreed with everything Edward O'Neil had testified and would not be opposing any of it. Not only is such characterization not contained in, or supported by, the actual record, but it is contradicted by that record. Accordingly, that argument and "claim" must be ignored completely on this appeal. This is so, more particularly, for the following reasons:

First, Attorney Huber's characterization of what happened in chambers is directly contradicted by the Record. The record reflects that Judge Hillman was focusing solely on the fact of the altered license being submitted to the town in rendering his decision, as he so states on the record directly and by citing the *Gem Ravioli* case in support. The O'Neils' summary characterization of what they claim transpired in chambers does not reference that this discussion of the licensing issue even occurred in chambers, making clear their counsel's argument is either patently false or is recklessly incomplete. In either event, since his argument is not contained in

2

the actual record, any characterization beyond the quoted record language must be ignored on appeal.

Second, the O'Neils' argument in their Brief contradicts itself. On the one hand, they claim Attorney Dial advised Judge Hillman "that he did not intend to offer any evidence to rebut Mr. O'Neil's testimony". *See appellees' brief at p. 5*. This claim is then contradicted by their own admission Fallon intended to introduce the Superior Court Judgment (i.e. evidence rebutting the testimony), which Fallon contends disputes the other facts testified by Ed O'Neil. *See O'Neils Brief, page 5*. Further, in his offer of proof, Attorney Dial goes further, addressing the fact that the Superior Court had a chance to listen to all the witnesses before coming to its "no fraud" finding.

Third, the Record itself does not reflect that there would be "no" testimony on any of the issues raised by O'Neils' testimony, only that he would not oppose the "fact of the altered licenses" having been submitted to the town. This is not the same as admitting that the O'Neils had met their burdens of proof and persuasion on the six elements required to prove a non-dischargeability finding; only that as to one fact supporting one of those elements, there would be no contrary evidence submitted. Listening to Judge Hillman in Court, and reviewing the transcript, both lead to the inescapable conclusion it was enough for Judge Hillman to decide the issue under the *Gem Ravioli* case if it was admitted that the licenses were expired or altered, without hearing more. This was clear error, because evidence is required to prove (and Fallon must be given the opportunity to rebut) the other elements of the claim, for the reasons stated in Fallon's Brief.

Fourth, Attorney Dial, on the record, objected to the prompt dismissal because he would be adducing evidence of the state court proceeding, including the fact that the state court "had a

3

chance to listen to the testimony on the issue" of the expired/forged licenses, and determined there was no fraud. *Record, p. 41.* There is no dispute that, if that were the case, the Superior Court finding would be *res judicata*, which would preclude a non-dischargeability finding. It was clear to Attorney Dial, based on his offer of proof, that he understood Judge Hillman to be deciding the case solely because of the altered licenses, and nothing else, on the assumption that the *Gem Ravioli* case required proof of only that fact. That Attorney Dial would be offering evidence to preclude a finding for the O'Neils, even with the fact of the licensing issue admitted, under res judicata principles makes clear that Fallon disputed that the licensing issue alone was sufficient to dispose of the case. Attorney Dial's offer of proof and objection to terminating the proceedings also disputes the O'Neils' claim of what transpired in the off-the-record discussion.

Fifth, the O'Neils' claims, that Fallon made misrepresentations that the Court terminated the proceedings promptly without allowing him to adduce evidence, are baseless. The Court in fact did terminate the proceedings promptly, without allowing Fallon to proceed, for the reasons stated above, in his prior brief, and as apparent from the record itself. The basis for the O'Neils' claim of misrepresentation is, again, based on their counsel's claim that Attorney Dial somehow admitted all facts necessary to support a judgment, which is to be disregarded for the reasons stated above. Mr. Fallon and his attorneys were all taken aback by the Court's sudden focus on the *Gem Ravioli* case (which counsel had not read), and the Court's own initiative (not based on O'Neils' request) to end the case based essentially (and solely) on the undisputed fact that the altered licenses had been submitted to the town for the building permit.

After offering to produce evidence to the contrary, and upon review of the *Gem Ravioli* decision, it is clear that there was error, and that there is a good faith basis for this appeal and the arguments rendered in the Brief.[1]

### B. O'Neils Claims that Fallon Did not Rebut the Prima Facie Case or Preserve The Record are Erroneous

The O'Neils argument in Section IV of their Brief, that their prima facie case was unrebutted, are erroneous because Fallon was not given an opportunity to rebut them.

The O'Neils go to great lengths to contend in their brief that their claim (based entirely on the state court's judgment), as described during the testimony of Edward O'Neil, must be allowed to stand as a fraudulent claim because it was not rebutted at the Bankruptcy Court trial. They do so in a self-centered fashion, not denying that Fallon proposed to submit evidence to the contrary. Before terminating the proceedings, Fallon's counsel stated:

> "what the evidence would show, or what we would try to show would be that in the state court proceeding the issue of the permits and the license was fully adjudicated, that the Court in that proceeding had a chance to listen to the testimony on the issue and

---

[1] The O'Neils claims that since Attorney Ed Dial is not pursuing this appeal he must somehow be in agreement with their version of what happened in chambers is, in fact, a reckless or false statement of fact made with no basis whatsoever. Attorney Huber well knows that Brian Fallon was represented by Attorney William Harris during the discovery phase of the case, but that Mr. Harris withdrew, and that Mr. Dial entered an appearance, after most of the discovery was completed. Attorney Huber further knows that Attorney Dial filed a Motion to Withdraw from this case, without doing any substantive work, shortly after entering his appearance and long before the pretrial proceedings even commenced, that Judge Hillman denied that motion, and that essentially Mr. Dial was compelled to continue to represent Mr. Fallon and try the case despite his objections. To suggest that because he declined to continue to represent Mr. Fallon during the appeal ostensibly because he "agrees" with the O'Neils' version of what transpired at trial, is a baseless representation made without ANY factual underpinning, especially in light of the failed withdrawal request. The truth is that Attorney Dial did not want to try the case, and had no obligation under the Court's "no withdrawal" order to continue with an appeal, and flatly declined to do so for the same reasons he wanted off the case in the first place. Further, while Attorney William Hudak could not serve as trial counsel, as he was expected to be, and is, a material witness on some of the claims alleged, he was present in court at all times during the trial waiting to testify. Attorney Hudak did speak with Attorney Dial in court immediately after the chambers discussion, and was present when the court rendered its verbal ruling. Attorney Hudak was also surprised by the ubrupt termination, believing Judge Hillman's decision was based on a reading of the *Gem Ravioli* case that the undisputed fact of the altered licenses was enough, without more, to require a non-dischargeability finding. Attorney Hudak has acknowledged that he prepared the trial brief and other appeal papers to assist Mr. Fallon to get his hearing, oblivious to the fact that ghost writing is disfavored. He has attached his signature to the Brief and other litigation papers he has prepared for Mr. Fallon, and to this opposition, should Rule 11 require such certification, and stands by the statements made in those papers. Further, Attorney Hudak has now entered his limited appearance to represent Brian Fallon on this Appeal.

5

determine that there was no fraud involved in those matters, so that our position would be that the lower court decision, or the Superior Court decision rather, is *res judicata* on that issue, and that this *C*ourt would be bound by the findings thereof."

*Transcript, p. 41*.

Implicit in this offer of proof is that, except for the fact that the licenses had expired, there would be evidence rebutting the rest of Edward O'Neil's testimony, as well as evidence that the license issue alone might not be enough to support a non-dischargeability finding. This would include evidence (contrary to Ed O'Neil's testimony) as to what happened in the Superior Court below; evidence which Fallon was not permitted to introduce. Rule 103(a)(2) of the Federal Rules of Evidence only requires that the substance of the evidence be made known to the court, unless it is apparent from the context. Given that the Court's proposed ruling was focusing only on the licensing issue, and that (as now argued by the O'Neils) their entire prima facie case depended on Edward O'Neil's testimony, Fallon's offer to produce evidence to the contrary was a sufficient offer of proof to entitle Fallon to proceed with evidence. Judge Hillman frankly did not allow it.

Accordingly, to suggest that O'Neils' testimony must be accepted as "unrebutted" must be rejected as erroneous.

    C.    **O'Neils' Claims that the Superior Court Did Not Address the Question Must be Rejected Out of Hand**

The O'Neils argument in the section labeled **V.** must be rejected out of hand for two reasons:

First, it is based on Ed O'Neil's version of testimony concerning the state court proceeding. Despite the offer of proof discussed above, which clearly focused directly on, and proposed to contradict Ed O'Neil's testimony concerning, that proceeding, Fallon was not given an equal opportunity to be heard. To claim O'Neils' case was "unrebutted" is thus frivolous.

6

Second, the O'Neils seek now to add documents to the record which were not only not introduced below, but which were not even listed in the Pretrial Memorandum as possible exhibits[2]. This is improper on appeal. The O'Neils' hypocritically seek to both restrict the record (when it suits their purposes to adversely affect Fallon), and to add to it (when it suits their purposes to enhance their cause). There is no basis for review of such materials on appeal, and their offer to do so should be rejected out of hand. These are precisely the types of "disputed facts" which were never decided below, but which may be appropriate on remand for further proceedings.

## II.   Fallon Reiterates the Arguments in his Brief

Fallon notes that nowhere in the O'Neils' Brief do they address the subject of the lack of evidence of unworkmanlike performance (including their lack of expert testimony) other than in passing. While contending that someone without a license might also be expected not to complete the work, their argument is speculative and without legal foundation or support. Clearly, there was no evidence, nor will there be any, that the lack of a license caused the O'Neils' harm in the amount of $122,000.00 ($170,000.00 with interest) which they claim, and to allow the judgment to stand under these circumstances would be clearly erroneous. At the very least, the matter must be remanded for determination what amount of damages, if any, was due to unworkmanlike performance versus incomplete performance. There was no evidence on that subject, and only the unworkmanlike performance damages might be remotely considered "causally related" to the lack of licensing.

Other than the foregoing comments and argument, Fallon incorporates the arguments made in his Brief.

---

[2] According to their brief, they now seek to add documents to further support their claim that the Superior Court's judgment was not res judicata. This includes the "Complaint in that action, the entry of Default against the defendant and the denial of the Defendant's Motion to Remove the Default". *See Appelless' brief at pp. 16 – 17.*

7

## **Conclusion**

For all of the foregoing reasons, Fallon requests that the judgment of the bankruptcy court be reversed, or remanded for further proceedings.

> Appellant, Brian Fallon,
> By his attorney:
>
> /s/ William J. Hudak, Jr.
> William J. Hudak, Jr.
> BBO # 545345
> Hudak Law Offices
> 316 Central Street
> Saugus, MA  01906
> 781-233-2580

Dated:  December 29, 2008

### CERTIFICATE OF SERVICE

I certify that the following persons are currently on the list to receive email notices of electronic filings in this case and shall receive notice upon electronic filing of this Reply Brief:

Evans Huber, Esq., eh1@128law.com

> /s/ William J. Hudak, Jr.
> William J. Hudak, Jr., 12/29/2008

8